23-7487
Avendano Bonilla v. McHenry

BIA
A213 119 272

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28ᵗʰ day of January, two thousand twenty-five.

PRESENT:
        JOSÉ A. CABRANES,
        MICHAEL H. PARK,
        ALISON J. NATHAN,
           *Circuit Judges.*
_____

KEVIN AVENDANO BONILLA,
      *Petitioner,*

      v.                        **23-7487**
                                     **NAC**

JAMES R. MᶜHENRY III, ACTING
UNITED STATES ATTORNEY GENERAL,
      *Respondent.*
_____

**FOR PETITIONER:** Rebecca R. Press, Esq., Central American Legal Assistance, Brooklyn, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Keith I. McManus, Assistant Director; Anthony J. Nardi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED

Petitioner Kevin Avendano Bonilla, a native and citizen of El Salvador, seeks review of an October 20, 2023, decision of the BIA denying his motion to reopen. *In re Kevin Avendano Bonilla*, No. A 213 119 272 (B.I.A. Oct. 20, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). "An abuse of discretion may be found . . . where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say,

2

where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 93 (2d Cir. 2001) (citations omitted). However, "we remain deprived of jurisdiction to review decisions under the INA when the petition for review essentially disputes the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion and raises neither a constitutional claim nor a question of law." *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2007). Critically, "a petitioner cannot us[e] the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is essentially a quarrel about fact-finding or the exercise of discretion." *Id*. at 39 (quotation marks omitted). "An alien may file one motion to reopen," which ordinarily must be filed within 90 days of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Avendano Bonilla's motion is untimely because he filed it approximately three weeks after the 90-day deadline expired. We hold that the BIA did not err in declining to excuse the deadline based on ineffective assistance of counsel. We also hold that we lack jurisdiction to review the BIA's determination, based on the evaluation of evidence under the appropriate legal standard, that the country conditions of El Salvador had not materially changed

3

from the time of Bonilla's hearing.

I.     Ineffective Assistance of Counsel

We deny the petition as to his ineffective assistance of counsel claim. The time to file a motion to reopen may be tolled based on ineffective assistance of counsel if the movant demonstrates deficiencies in his counsel's performance, prejudice resulting from those deficiencies, and due diligence in raising the ineffective assistance claim. *See Rashid v. Mukasey*, 533 F.3d 127, 130–31 (2d Cir. 2008). As relevant here, however, to bring an ineffective assistance of counsel claim, a movant must first comply with specific procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). *See Jian Yun Zheng v. U.S. Dep't of Just.*, 409 F.3d 43, 45–47 (2d Cir. 2005). A motion to reopen based on ineffective assistance of counsel "[1] should be supported by an affidavit of the allegedly aggrieved respondent attesting to the relevant facts . . . [2] former . . . counsel must be informed of the allegations and allowed the opportunity to respond . . . [and] [3] if it is asserted that prior counsel's handling of the case involved a violation of ethical or legal responsibilities, the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities regarding such representation,

4

and if not, why not." *Id*. at 45 n.1 (quoting *Lozada,* 19 I. & N. Dec. at 639).

Avendano Bonilla did not comply with the *Lozada* requirements because, while he filed a grievance in New York with the Third Department's Attorney Grievance Committee, he did not inform his former counsel of his allegations or give her the opportunity to respond. Although we do not demand "slavish adherence" to the *Lozada* requirements, a claim is forfeited in this Court if there is not "substantial compliance." *Yi Long Yang v. Gonzales*, 478 F.3d 133, 142–43 (2d Cir. 2007). Avendano Bonilla's arguments that he substantially complied or that compliance should be excused lack merit.

He argues that the Third Department's grievance committee forwards complaints to the subjects of them within 60 days of filing. But the committee does not do so if it declines to investigate. 22 N.Y. Comp. Codes R. & Regs. tit. 22, § 1240.7(c), (d)(1) (providing that a copy is provided to the subject unless the complaint is resolved without investigation). And Avendano Bonilla provides no information on the outcome of his grievance, if any, or how the committee responded. He also contends that the allegations of ineffective assistance are clear on the face of the record, such that the *Lozada* requirements may be excused. The

record does not support that conclusion. Avendano Bonilla alleged that his counsel failed to gain his trust and presented "no evidence," but the record reflects that counsel submitted extensive country conditions evidence to support Avendano Bonilla's claim for protection under the Convention Against Torture ("CAT"), he admits she met with him a few times for between 15 and 30 minutes each, and she represented him in three hearings. During his merits hearing, she objected to the Department of Homeland Security's evidence of gang membership, he testified that she reviewed his application with him and that it was true, and she questioned him about past harm in El Salvador, his U.S. criminal convictions, his alleged gang activity, the meaning of his tattoos, and why he was afraid to return to El Salvador. Thus, absent a statement from his counsel, it is not clear that she was ineffective. *Cf. Yi Long Yang*, 478 F.3d at 142 (remanding absent compliance with *Lozada* requirements where counsel had been disbarred for "truly shocking disregard for his clients").

II. Changed Country Conditions

An applicant may move to reopen at any time "based on changed country conditions arising in the country of nationality or the country to which removal

6

has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). In his motion to re-open, Bonilla submitted new evidence—including an expert report and news articles—to support his claim that the country conditions of El Salvador had materially changed such that his risk of torture would increase if he was removed.

Applying the appropriate standard and considering the new evidence, the BIA determined that " [a]t most, the evidence provided shows a worsening of the conditions that existed at the time of his hearing rather than material change that impacts the respondent's eligibility for deferral of removal." This exercise of discretion is precisely the type which we lack jurisdiction to review. As we explained in *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2007), "we remain deprived of jurisdiction to review decisions under the INA when the petition for review essentially disputes the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion and raises neither a constitutional claim nor a question of law." Although Bonilla tendentiously attempts to frame his argument as challenging the BIA's application of appropriate law, he effectively asks us to

7

intervene in a "mere [ ] quarrel[ ] over the correctness of the factual findings or justification for the discretionary choices made by the agency, a quarrel that we lack jurisdiction to review." *Id*. at 42 (quotation marks omitted).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8